UNITED STATES of America, Libelant,

v.

Diesel Tanker A. C. DODGE, Inc., Respondent.

No. 20531.

United States District Court
E. D. New York.

July 10, 1957.

On Motion to Resettle Order
Sept. 16, 1957.

Foley & Martin, New York City, for respondent, Diesel Tanker A. C. Dodge, Inc., for the motion by James E. Kent, New York City, of counsel.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for libelant, by Walter L. Hopkins, New York City, Trial Attorney, Admiralty and Shipping Section, in opposition.

RAYFIEL, District Judge.

The libelant, charterer of the Steam Tanker Amtank, filed a libel herein on October 24, 1956 to recover losses sustained in the detention of the vessel and in damage to her hull, occasioned when she was struck by the Motor Tanker A. C. Dodge, owned and operated by the respondent. The collision occurred on June 17, 1945.

The respondent filed exceptive allegations to, and moved to dismiss the libel, basing its motion chiefly on the following claims: (1) That under the terms of the charter the libelant was subrogated to the rights of the owner of the vessel and stands in its shoes, and, since this action was not commenced until eleven years after the collision between the vessels, the libelant is palpably guilty of laches, and the libel, having failed to satisfactorily explain and justify the delay, is defective on its face, and (2) that the libelant, which had insured the vessel against hull damage, obtained a policy of reinsurance, the proceeds of which it presumably has received, and, hence, is not asserting *its* claim for hull damage, but, rather, that of the reinsurer.

After the hearing on said exceptions, but before my decision thereon, I was informed by libelant's counsel that he had served upon respondent's counsel a notice to the effect that he would move at the trial for leave to amend the libel, the said notice containing the proposed amendment, which in substance, was to the effect that the libelant, and not the reinsurer, had paid the cost of the hull repairs to the owner.

In determining respondent's motion I considered the libel as having been amended, and on February 13, 1957 I filed my decision overruling the exceptions to the libel for the reasons stated in said decision. D.C., 148 F.Supp. 742.

Thereafter the respondent moved under Rule 9(h) of the General Rules of this Court for a reargument. Before a decision thereon the amended libel was served upon the respondent, which then filed exceptive allegations to the amended libel and moved to dismiss it.

The exceptions to the amended libel are substantially similar to those addressed to the original libel. While additional authorities have been cited by the respondent they are to the same general effect as those heretofore urged upon the Court and considered invalid.

In addition, the contention of the respondent that, since the libelant has been reimbursed by its reinsurer, it has no interest in or right to recover the money expended for repairs to the hull, is further answered by the Government's claim, made in a supplemental memorandum, that under the terms of its agreement with its reinsurer it (the Government) is the owner and holder of the claim for hull damage alleged in the libel.

■■ Accordingly, the exceptions to the libel are overruled and the motion to dismiss the libel is denied.

Settle order on notice.

736

### On Motion to Resettle Order.

The right sought to be reserved under the proposed addition to my order of July 27, 1957 herein was specifically provided for in my decision dated July 10, 1957.

However, since no objection has been raised thereto by the Government, the motion to resettle my said order is granted.